SCOTT N. SCHOOLS, SCSBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NAVNEET GHOTRA,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; NANCY ALCANTAR, Field Office Director, Immigration and Customs Enforcement; and ALBERTO GONZALES, Attorney General of the United States,<br><br>    Respondents. | No. C 07-4428-MMC<br><br>**RESPONDENTS' OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Date:  October 12, 2007<br>Time:  9:00 a.m. |

## I. INTRODUCTION

The petitioner is a native and citizen of India who was ordered removed from the United States by an Immigration Judge on November 19, 2001. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's removal order on August 29, 2003. The United States Court of Appeals for the Ninth Circuit affirmed the BIA's decision on December 15, 2004. The petitioner did not leave the country as directed. The United States Immigration and Customs Enforcement (ICE) arrested the petitioner on April 18, 2007, in order to execute her removal order, but released the petitioner on an order of supervision while it makes arrangements for her removal to India.

OPPOSITION TO HABEAS PETITION
C-07-4428-MMC                           1

The petitioner has now filed a petition for writ of habeas corpus alleging that her former attorney provided her with ineffective assistance of counsel at the United States Court of Appeals for the Ninth Circuit by failing to make two arguments in his appellate brief. The respondents hereby submit their opposition to the habeas petition.

## II.  FACTS AND PROCEDURAL HISTORY

The petitioner entered the United States on August 30, 1998, with a nonimmigrant visa. Habeas Petition at Exhibit A. The ICE placed the petitioner in removal proceedings on November 16, 1998, charging her in a Notice to Appear with overstaying her visa. *Id.* An Immigration Judge issued a removal order on November 19, 2001. Habeas Petition at Exhibit I. The BIA affirmed the Immigration Judge's removal order on August 29, 2003. Habeas Petition at Exhibit O. The United States Court of Appeals for the Ninth Circuit affirmed the BIA's decision on December 15, 2004. Habeas Petition at Exhibit P. The petitioner also did not depart the United States as directed., and the ICE arrested the petitioner on April 18, 2007. Although the ICE released the petitioner on an order of supervision, it intends to remove the petitioner forthwith.

The petitioner filed this petition for writ of habeas corpus on August 27, 2007, along with an application for a temporary restraining order. On August 30, 2007, in lieu of litigating the application for a temporary restraining order, the parties stipulated to a briefing schedule, pursuant to which the respondents agreed not to remove the petition prior to October 19, 2007. This Court signed the parties' stipulation on August 31, 2007. The hearing on the habeas petition is scheduled for October 12, 2007.

The respondents hereby submit their opposition to the petitioner's habeas petition

## III.  ARGUMENT

The petitioner contends that her former attorney, Hardeep Rai, provided her with ineffective assistance of counsel at the Ninth Circuit because he failed to present two arguments in his appellate brief. Habeas Petition ¶¶ 17, 20-25. First, the petitioner asserts that Mr. Rai should have argued that it was violation of the petitioner's equal protection rights for an Immigration Judge to deny the petitioner's application for withholding of removal under 8 U.S.C. § 1231(b)(3), but for another Immigration Judge to grant the petitioner's father's application for withholding of removal

OPPOSITION TO HABEAS PETITION
C-07-4428-MMC                                   2

under 8 U.S.C. § 1231(b)(3) "based on the same nucleus of facts." Habeas Petition ¶ 5, 21-25. Second, the petitioner asserts that Mr. Rai should have argued that the attorney who represented the petitioner in Immigration Court, Ronald Peake, provided the petitioner with ineffective assistance of counsel in Immigration Court by failing to ask the Immigration Judge to consolidate the petitioner's removal proceeding with her father's removal proceeding, failing to call the petitioner's father as a witness, and failing to introduce evidence that would corroborate the petitioner's story. Habeas Petition ¶ 20.

The petitioner has cited absolutely no authority for the proposition that this Court has jurisdiction to review a habeas petition alleging that an alien received ineffective assistance of counsel at the Ninth Circuit when her former attorney failed to make certain arguments in his appellate brief. The petitioner also makes no serious attempt to explain what relief this Court could grant which would be meaningful. Certainly, this Court is unable to direct the Ninth Circuit to reopen the petitioner's appeal and allow the petitioner's attorney to assert better (or at least additional) arguments in an appellate brief.

Any reliance by the petitioner on In *Amarjeet Singh v. Chertoff*, ___ F.3d ___, 2007 WL 2406862 (Aug. 24, 2007), for the proposition that this Court has jurisdiction over the habeas petition, would be misplaced. In *Amarjeet Singh*, the Ninth Circuit addressed whether the REAL ID Act of 2005 bars district court habeas review of an ineffective assistance of counsel claim alleging that the alien's former attorney had failed to file a timely petition for review with the Ninth Circuit from an adverse BIA order. *Amarjeet Singh*, ___ F.3d ___, 2007 WL 2406862, at *4. Under the REAL ID Act, a district court may not review an alien's removal order. *Id*. at *5. The Ninth Circuit concluded that, because the alleged ineffective assistance of counsel occurred after the issuance of the alien's removal order and the alien was only seeking re-issuance of the BIA's decision, the alien was not seeking review of his removal order and, accordingly, his claim was not barred by the REAL ID Act. *Id*. at *7 ("For these reasons, Singh's second IAC claim cannot be construed as seeking judicial review of his final order of removal, notwithstanding his

OPPOSITION TO HABEAS PETITION
C-07-4428-MMC                                    3

ultimate goal or desire to overturn that final order of removal.").[1]

As in *Amarjeet Singh*, the petitioner in this case is not necessarily seeking review of her removal order and, accordingly, her claim may not be barred by the REAL ID Act. However, in contrast to *Amarjeet Singh*, this Court is unable to provide the relief the petitioner seeks. In *Amarjeet Singh*, the petitioner could at least plausibly argue that the district court had the authority to direct the BIA to re-issue its decision. Here, however, the petitioner has not pointed to any authority (and the undersigned is unaware of any authority) that would permit this Court to: (1) direct the Ninth Circuit to reopen the petitioner's appeal to allow for the presentation of additional arguments or (2) remand this matter to the BIA, as the petitioner suggests in paragraph 28 of the habeas petition, simply because the petitioner wishes her former attorney had submitted a better appellate brief at the Ninth Circuit.

Even assuming for purposes of argument that this Court has jurisdiction over the petitioner's habeas petition, the petitioner has failed to provide this Court with any evidence that she has notified her former attorney, Hardeep Rai, of the allegations of ineffective assistance of counsel and given Mr. Rai the opportunity to respond to the allegations with reasons why he chose not to make the arguments in his appellate brief that the petitioner now says he should have made. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). In the absence of such evidence, it would be impossible for this Court to make a determination of whether Mr. Rai provided the petitioner with ineffective assistance of counsel.

Finally, the arguments the petitioner contends her former attorney should have made in his appellate brief are not compelling. First, the petitioner argues that Mr. Rai should have argued that it was violation of the petitioner's equal protection rights for an Immigration Judge to deny the petitioner's application for withholding of removal under 8 U.S.C. § 1231(b)(3), but for another Immigration Judge to grant the petitioner's father's application for withholding of removal

---

[1] The government is currently considering whether to seek further review of the Ninth Circuit's opinion in *Amarjeet Singh*.

OPPOSITION TO HABEAS PETITION
C-07-4428-MMC                                     4

1  under 8 U.S.C. § 1231(b)(3) "based on the same nucleus of facts." Habeas Petition ¶ 5, 21-25.  In
2  support of this argument, the petitioner relies on *Njuguna v. Ashcroft*, 374 F.3d 765 (9th Cir. 2004)
3  and *Wang v. Ashcroft*, 341 F,3d 1015 (9th Cir. 2003).  However, while each of these opinions notes
4  that, as a general matter, similarly-situated aliens should be treated similarly, neither opinion cites
5  a constitutional right to equal treatment.  Moreover, the facts in each opinion can be distinguished.
6  In *Wang*, the Ninth Circuit was mystified by the Immigration Judge's assertion that a reviewing
7  court would not concern itself with the inconsistency where the INS denied asylum to a woman
8  subjected to coercive population control methods, but granted asylum to her husband on the basis
9  of the wife's experience.  *See Wang*, 341 F.3d at 1019 n.2.  In *Njuguna*, the Ninth Circuit found it
10 disturbing that three of four members of a group involved in assisting the escape of two Kenyan
11 women who had been sold into slavery to the Saudi royal family had been granted asylum, while
12 the fourth member was denied asylum.  *See Njuguna* , 374 F.3d at 771 n.4.  Here, by contrast,
13 there are only general assertions that the petitioner's case for withholding of removal and her
14 father's case for withholding of removal are based on the same nucleus of facts, and there is no
15 reason to believe the two Immigration Judges who ruled on the cases for withholding of removal
16 did not simply give each case individualized scrutiny, as an Immigration Judge is required to do.
17     Second, the petitioner asserts that Mr. Rai should have argued that the attorney who
18 represented the petitioner in Immigration Court, Ronald Peake, provided the petitioner with
19 ineffective assistance of counsel in Immigration Court by failing to ask the Immigration Judge to
20 consolidate the petitioner's removal proceeding with her father's removal proceeding, failing to
21 call the petitioner's father as a witness, and failing to introduce evidence that would corroborate
22 the petitioner's story.  Habeas Petition ¶ 20.  However, the Ninth Circuit would have lacked
23 jurisdiction to review the ineffective assistance of counsel allegations because the petitioner had
24 not first exhausted her administrative remedies by asserting this claim in a motion to reopen with
25 the BIA.  *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (stating that theNinth
26 Circuit "require[s] an alien who argues ineffective assistance of counsel to exhaust his
27 administrative remedies by first presenting the issue to the BIA.).''
28

OPPOSITION TO HABEAS PETITION
C-07-4428-MMC                                       5

## IV.  CONCLUSION

For the reasons set forth above, this Court should deny the petition for writ of habeas corpus.

Date:  September 21, 2007                                   Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Respondents

OPPOSITION TO HABEAS PETITION
C-07-4428-MMC                                   6