```
 1  JAMES TODD BENNETT
    Attorney of Law
 2  P. O. Box 742
    El Cerrito, CA  94530
 3  Telephone:  (510) 232-6559
    California State Bar No.  113009
 4
 5  Attorney for Petitioner
    NAVNEET GHOTRA
 6
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NAVNEET GHOTRA**, | ) CASE NO:  C07 4428 MMC )  ) |
| Petitioner, | ) |
| v. | ) **PETITIONER'S REPLY TO** ) **RESPONDENTS' OPPOSITION TO** ) **PETITION FOR WRIT OF HABEAS** |
| **MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, **NANCY ALCANTAR**, Field Office Director, Immigration and Customs Enforcement, and **ALBERTO GONZALES**, Attorney General of the United States, | ) **CORPUS** ) ) [Alien Registration No.: )  A77 381 997] ) ) ) ) |
| Respondent. | ) ) |

Navneet Ghotra, petitioner herein, hereby respectfully replies to the "Respondents' Opposition to Petition for Writ of Habeas Corpus" (hereinafter "opposition") filed and served by respondents Michael Chertoff, Nancy Alcantar and Alberto

-1-

Gonzales[1] (hereinafter individually by surname and collectively as "respondents") on or about September 21, 2007 in the above-entitled action.

The opposition apparently grudgingly concedes the subject matter jurisdiction but contends: 1) the District Court cannot fashion a remedy; 2) the decision of a former appellate counsel was merely tactical in failing to raise a blatant equal protection claim involving two aliens in two proceedings with a common nucleus of facts and inexplicable disparate results; 3) such disparate results do not rise to an equal protection claim; and 4) there is a failure to exhaust administrative remedies as to the ineffective assistance of counsel in the initial administrative proceeding.  As set forth below, this court has jurisdiction over the petition under <u>Singh v. Gonzales, et. al.</u> __ F3d __ (9th Cir. 8/24/07, Case No. 05-16005) and the District Court has the authority to fashion an adequate remedy by way of remand for reconciliation of the two unreconciled disparate decisions before the Board of Immigration Appeals, Executive Office for Immigration Review, Department of Justice (hereinafter BIA, EOIR, and DOJ).  Accordingly, the petition must be granted.

---

[1] Since resigned and replaced by acting attorney general Peter Keisler.

## II

## PROCEDURAL BACKGROUND

On or about August 27, 2007 petitioner filed her Petition for Writ of Habeas Corpus Or, in the Alternative, Order to Show Cause (hereinafter "petition"). Pursuant to a stipulation of the parties the District Court issued an order setting a briefing schedule and a hearing date of October 19, 2007.

## III

## FACTUAL BACKGROUND

Petitioner incorporates by reference the factual allegations set forth in paragraphs 1 through 24 of the habeas petition at this point. Respondents do not dispute the facts in the habeas petition.

In addition, the following synopsis of the essential facts will clarify the issue before the court. Petitioner applied for affirmative administrative asylum with the Asylum Office of the former Immigration and Naturalization Service (hereinafter AO and INS) in San Francisco, California, was referred to the Office of the Immigration Judge, San Francisco, California (hereinafter OIJ) where she was represented by Hardeep Rai and Associates, then changed venue to OIJ/Los Angeles, where she retained new counsel, Ronald Peake. Peake also represented petitioner's father, Kulwant Singh, in removal proceedings before the OIJ/Los Angeles. Both cases involved claims for relief under 8 USC, Section 1158 and 1231(b)(3), and Article 3

of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, as ratified (hereinafter UNCAT) based on the same nucleus of facts arising in India. The cases were not consolidated. On or about November 19, 2001, an immigration judge of OIJ/Los Angeles denied all claims for relief by petitioner. On or about April 23, 2002 a different immigration judge of OIJ/Los Angeles granted petitioner's father's claim for relief under 8 USC, Section 1231(b)(3). In essence, the scenario may be abstracted as: same nucleus of facts; same OIJ; same defense counsel; two different judges; two different decisions. (Petition, 5-8).

Appeal having been waived in her father's case, petitioner was once again represented by Rai in her administrative appeal to the BIA. A "motion" in the form of a letter with exhibits was filed with the BIA noting the unreconciled decisions in the two cases controlled by 8 CFR, Section 1003.1(e)(6)(i). The BIA dismissed the appeal on or about August 29, 2003 treating the letter as "additional evidence," rather than as a motion for reconciliation of the two dispute decisions. (Petition, 8-9). The motion was therefore never adjudicated and reconciliation of the two decisions never occurred. On judicial review, the same counsel failed to raise the issue of the unadjudicated motion or the evident equal protection violation. (Petition, 9-11).

As a result, the decisions remain unreconciled as appellate counsel failed to seek judicial review of the issue of the

1 failure of the BIA to comply with its own regulations and the
2 issue of a violation of the equal protection component of the
3 due process clause and the due process clause itself resulting
4 thereby.    Accordingly,  reconciliation  of  the  two  decisions
5 remains wanting.

### IV

### JURISDICTION

8 Respondents apparently concede subject matter under Singh
9 insofar  as  review  of  a  post-final  administrative  order
10 constitutional deprivation is concerned.   Respondents content,
11 however, that this Court cannot fashion an appropriate remedy.
12 Respondents conjure up confusion where there is none.   Since
13 there is an allegation of ineffective assistance of counsel
14 arising after the entry of the final order of removal, e.g.,
15 failure to seek review of the utter failure of the BIA to
16 reconcile  the  conflicting  Immigration  Judge  decisions  as
17 regulatory, due process and equal protection issues; and since
18 the appropriate remedy is a remand to the agency to reconcile
19 and, if necessary, retrigger the judicial review period, the
20 case falls within the parameters of Singh.   Accordingly, the
21 District Court has jurisdiction.

# V

# REPLY ARGUMENT

A. The District Court Has Jurisdiction Over the Habeas Petition Because the Real ID Act of 2005 Does Not Apply Under <u>Singh v. Gonzales</u>

Under the provisions of the Real ID [sic] Act of 2005 (hereinafter RIDA) the District Court is stripped of habeas jurisdiction over review of final orders of removal. 8 USC, Section 1252(a)(5); 1252(b)(9). However, under <u>Singh</u> a narrow exception arises where a Fifth Amendment due process deprivation through ineffective assistance of counsel occurs after entry of the final administrative order since such review does not entail review of the order of removal itself, and falls outside of the restrictions on habeas jurisdiction under RIDA. <u>Singh</u> at 10473-4; 10487-8. Thus, where the remedy does not entail a review of the final order itself, habeas jurisdiction lies with the District Court. <u>Singh</u> at 10486-8.

In the case at hand, the error occurred after entry of the final order of removal issued by a single Board member on or about August 29, 2003, which left the letter/motion unadjudicated despite the inconsistent rulings of the immigration judge subject to three member review under 8 CFR, Section 1003.1(e)(6)(i). The issue was never raised on judicial review thereafter. The issue is both a regulatory violation and

1 a due process violation under the Fifth Amendment.  Bui v. INS
2 76 F3d 268, 270-71 (9th Cir. 1996).
3 　　　The remedy sought is an order by the District Court
4 ordering the BIA to act in compliance with its own regulations
5 and reconcile the decisions.  The remedy does not result in
6 review of a final order of removal, per se, but rather is
7 intended to direct the BIA to exercise its functions as required
8 by the respondent attorney general's regulations.  Whatever
9 administrative decisions occur thereafter are the provenance of
10 the BIA.  Accordingly, the District Court has jurisdiction under
11 Singh.
12 　　　B.　Errors of Law by BIA Not Raised by Rai on Review
13 　　　The BIA as a delegate of the attorney general is duty bound
14 to comply with its own regulations as well as the due process
15 clause of the Fifth Amendment.  Bui, at 270-71; Campos v. Nail
16 43 F3d 1285 (9th Cir. 1994).  Among its regulatory duties are the
17 authority to rule on motions by a single panel member  and a
18 requirement of a three member panel in reconciling conflicting
19 decisions of immigration judges.  8 CFR, Sections 1003.1(e)(2);
20 1003.1(e)(6)(i).
21 　　　On or about September 9, 2002, Rai submitted a letter to
22 the BIA with exhibits asserting the common factual basis for
23 petitioner's and her father's cases and the desperate decisions.
24 The inconsistencies were disposed of by a single Board member on
25 or about September 29, 2003 by simply ignoring them (Petition,

1  8-9, Exhibits M and O) with the letter relegated to the status
2  of inadmissible "additional evidence."  Id.
3      The issue was never addressed thereafter by Rai in the
4  course of judicial review.  (Petition, 9-10).
5      C.   Equal Protection and Conflicting Immigration Judge
           Decisions
6
7  It is settled law that aliens are entitled to equal
8  protection as a component of the due process clause of the Fifth
9  Amendment in removal proceedings.  <u>Zadrydas v. Davis</u> 533 US 678,
10 692-3 (2001); <u>Plyler v. Doe</u> 457 US 202, 212 (1982); <u>Accardi v.
11 Shaughnessy</u> 347 US 260 (1954).  At least two recent precedents
12 have addressed the problem of conflicting decisions involving
13 the same nucleus of facts as violative of the equal protection
14 components.  In <u>Wang v. Ashcroft</u> 341 F3d 1015, 1019, fn. 2 (9th
15 Cir. 2003), two different immigration judges rendered
16 inconsistent decisions based on the same facts of forced birth
17 control inflicted upon the wife, who was denied asylum while her
18 husband was granted asylum.  The unreconciled decisions were met
19 with incredulity and the wife's petition for review granted.  In
20 <u>Njuguna v. Ashcroft</u> 374 F3d 765, 771, fn. 4 (9th Cir. 2004) one
21 of four similarly situated aliens was denied relief contrary to
22 the "foundational rule of law that similarly situated
23 individuals be treated similarly."
24     In the case at hand, the same discrepancy is evident.
25 Despite a common nucleus of facts, petitioner was denied relief

under 8 USC, Section 1231(b)(3) while her father was granted such relief. Like the regulatory violation, the equal protection violation was not raised on judicial review.

    D.    Failure to Raise the Regulatory and Equal Protection Issue on Review Constitutes Ineffective Assistance of Counsel

        1.    Constitutional Claim

The right to effective assistance of counsel arises under the due process clause of the Fifth Amendment. <u>Baires v. INS</u> 856 F2d 89, 90-91 (9th Cir. 1998); <u>Mohesseni Behbahani v. INS</u> 796 F2d 249, 250-2 (9th Cir. 1986). The issue therefore arises under habeas jurisdiction 28 USC, Section 2241(c)(3).

        2.    Standard for Ineffective Assistance

In the Ninth Circuit, the standard for ineffective assistance of counsel is whether ineffective assistance "may" have affected the outcome of the proceeding. <u>Mohammed v. Gonzales</u> 400 F3d 785, 793-4 (9th Cir. 2005). Ineffective assistance of counsel rises to the level of a due process violation when the proceeding is so fundamentally unfair so as to preclude the petitioner from reasonably presenting his case. *Id.*, at 793. To prevail, petitioner must demonstrate: 1) counsel failed to perform with sufficient competence; which 2) resulted in prejudice which may have affected the outcome of the proceeding. *Id.*, at 793-4; <u>Ortiz v. INS</u> 179 F3d 1148, 1153 (9th Cir. 1999). However, where the alien is deprived of judicial

1 review entirely, prejudice is presumed where there is a
2 plausible ground for relief. Dearinger at 1045. Any
3 application of the so-called Lozada requirements for ineffective
4 assistance during an administrative proceeding are circumscribed
5 where the error appears on the face of the record. Granados-
6 Oseguera v. Gonzales 464 F3d 993, 997-98 (9th Cir. 2006).

    3. Ineffective Assistance of Counsel

        a. Failure to Assert a Claim

9 Failure by retained counsel to file a claim or
10 application on behalf of the alien constitutes ineffective
11 assistance of counsel. Ray v. Gonzales 439 F3d 582, 587-89 (9th
12 Cir. 2006); Castillo Perez v. INS 212 F3d 518, 526 (9th Cir.
13 2000); Figueroa v. INS 886 F2d 76, 78-9 (4th Cir. 1989);
14 Colindres Aguilar v. INS 819 F2d 259 (9th Cir. 1987)

15 While tactical decision may no arise to the level
16 of a Fifth Amendment violation, errors and omissions which may
17 affect the outcome do. Thorsteinsson v. INS 724 F2d 1365, 1367
18 (9th Cir. 1984); Mohammed at 793-4; Ray at 587-89.

19 In summation, when the attorney fails to preserve
20 or pursue relief, petitioner has suffered ineffective assistance
21 of counsel and a due process deprivation results. Grandados-
22 Oseguera at 997-9.

        b. Post-Administrative Order Proceedings

24 The same duties attach in post-administrative
25 proceedings and the petitioner is entitled to effective

assistance of counsel.  <u>Dearinger</u> at 1045.  In the context of the Sixth Amendment, ineffective assistance of counsel includes acts and omissions on appeal.  <u>Murry v. Carrier</u> 477 US 478, 488 (1986).

        4.   Prejudice to Petitioner

As to the regulatory violation herein, petitioner need not show prejudice.  <u>Bui</u> at 270-71.  As to the failure to assert the clear due process and equal protection claims, petitioner is prejudiced since she now faces removal for five years under 8 USC, Section 1182(a)(9)(A).

        5.   No Administrative Exhaustion Required and the Prudential Doctrine Does Not Apply

Since the constitutional deprivation in the present proceeding by Rai occurred after the final administrative order of removal, the BIA has no jurisdiction over such a deprivation.  See 8 CFR, Section 1003.1(b), (c), (d).  Any assertion that an administrative motion to reopen as to the final administrative order under 8 CFR, Section 1003.2(c)(2) is inapposite and, even if the BIA had subject matter jurisdiction, such motions are time barred by a post-decisional 90 day time limit.  Moreover, even if the BIA had subject matter jurisdiction, administrative motions to reopen are discretionary, and not a matter of right, so a failure to exhaust such a remedy, even if it existed in the present case, is not a bar to habeas jurisdiction.  <u>Noriega</u>

Lopez v. Ashcroft 335 F3d 874, 881 (9th Cir. 2003).  Accordingly, the doctrine of administrative exhaustion does not apply.

E.   Remedy

As set forth in the petition and consistent with Singh, petitioner's remedy is for an order remanding the proceeding to the BIA for reconciliation of the administrative decisions and, if necessary, to afford petitioner her right to seek judicial review thereafter.

## VII

## CONCLUSION

Based on the foregoing, it is respectfully requested that the relief requested in the petition be granted.

Dated:   October 3, 2007

                               JAMES TODD BENNETT
                               Attorney for Petitioner
                               NAVNEET GHOTRA