United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   NAVNEET GHOTRA,                              No. C-07-4428 MMC

12            Petitioner,                         **ORDER DENYING PETITION FOR WRIT
                                                  OF HABEAS CORPUS; VACATING**
13       v.                                       **HEARING**

14   MICHAEL CHERTOFF, et al.,

15            Respondents
                                              /

16

17       Before the Court is petitioner Navneet Ghotra's ("Ghotra") Petition for Writ of Habeas

18   Corpus, pursuant to 28 U.S.C. § 2241.  Respondents Michael Chertoff, Nancy Alcantar,

19   and Alberto Gonzales have filed opposition, to which petitioner has replied.  Having

20   reviewed the parties' submissions in support of and in opposition to the petition, the Court

21   finds the matter appropriate for decision on the papers, VACATES the hearing scheduled

22   for October 12, 2007, and rules as follows.

23                                   **BACKGROUND**[1]

24       Ghotra is a national of India.  On November 13, 1998, the INS instituted removal

25   proceedings against Ghotra.  (See Petition Ex. D.)  During the subsequent removal

26   proceedings, Ghotra did not contest removability; rather, Ghotra sought relief from removal

27

28       [1]The following facts are taken from petitioner's verified petition and the exhibits
     attached thereto.

by relying on an Application for Asylum or Withholding of Removal, in which she alleged

she had been "severely tortured" by police in India and that her "life [would be] in great

trouble" if she were returned to India. (See Petition Ex. C.)

On November 19, 2001, Immigration Judge Charles Del Bene (hereinafter, "the IJ")

conducted a hearing, at which time Ghotra, who testified as to her alleged encounters with

police in India, was represented by Ronald A. Peake. (See Petition Ex. H.) At the

conclusion of the proceeding, the IJ orally denied the application for asylum. (See id. at

82.) In a written decision dated April 17, 2002, the IJ found Ghotra was removable and

denied her application for asylum or withholding of removal, on the ground Ghotra had

"failed to meet her burden of establishing her eligibility for asylum," and, in particular, that

Ghotra's testimony was "incredible and overall unreliable." (See Petition Ex. I at 18-19.)

On December 17, 2001, Ghotra, through new counsel Rai & Associates, filed a

Notice of Appeal to the Board of Immigration Appeals ("BIA"). (See Petition Ex. K.) On

July 1, 2002, Ghotra, through her appellate counsel, filed her opening brief, arguing the IJ

erred in finding Ghotra was not credible. (See Petition Ex. L.) On September 9, 2002,

Ghotra's appellate counsel filed with the BIA a letter brief, in which counsel reported that

Ghotra's father, Kulwinder Singh, had, on April 23, 2007, been "granted Withholding of

Removal" by Immigration Judge Darlene R. Seligman. Appellate counsel stated:

> Kulwinder Singh was persecuted because of Navneet Ghotra and we believe that
> the decision rendered by Immigration Judge [Seligman] should be considered
> before rendering decision in [Ghotra's] pending case. Both Kulwinder Singh and
> [his] daughter Navneet Ghotra's sworn statement[s] [are] largely based on similar
> facts. We believe that this decision should help Navneet Ghotra in establishing her
> claim.

(See Petition Ex. M.) Attached to the letter brief was a copy of an order filed September 9,

2002, in which Judge Seligman granted Kulwinder Singh's application for withholding of

removal. (See id.) The order does not contain Judge Seligman's reasoning, but, rather,

states it is a "summary of the oral decision entered on Apr 23, 2002." (See id.) Also

attached to the letter brief was an affidavit signed by Kulwinder Singh, in which he states

his "persecution in India was because of [his] daughter Navneet Ghotra." (See id.)

1     On August 29, 2003, the BIA dismissed Ghotra's appeal from the IJ's decision,

2  finding the IJ's credibility determination was not erroneous.  (See Petition Ex. O.)  In so

3  ruling, the BIA declined to consider Ghotra's argument that the decision rendered in her

4  father's case should be considered by the BIA, explaining:  "On appeal, [Ghotra] has

5  submitted additional evidence.  The standard rule is that the record this Board reviews on

6  appeal is the record before the Immigration Judge."  (See id. at 1.)

7     On September 26, 2003, Ghotra, again represented by Rai & Associates, filed in the

8  Ninth Circuit Court of Appeals a petition for review of the BIA's decision.  (See Petition Ex.

9  P.)  In the supporting brief, appellate counsel argued the BIA's decision affirming the IJ's

10  finding as to credibility was erroneous.  (See Petition Ex. Q.)  On December 15, 2004, the

11  Ninth Circuit denied the petition for review.  (See Petition Ex. P.)[2]

12     On April 18, 2007, the Department of Homeland Security ordered that Ghotra be

13  removed, and placed her under supervision pending removal.  (See Petition Ex. R.)

14     On August 27, 2007, Ghotra filed the instant petition.

**DISCUSSION**

16     Ghotra alleges her appellate counsel was ineffective because said counsel failed to

17  raise the following two legal claims in her brief filed in the Ninth Circuit Court of Appeals:

18  (1) a claim of ineffective assistance by hearing counsel, premised on hearing counsel's

19  failure to offer "corroborating evidence" to the IJ, to call Ghotra's father Kulwinder Singh as

20  a witness, and/or to seek consolidation of Ghotra's proceeding with that of her father, (see

21  Petition ¶ 20); and (2) a claim that the BIA erred in failing to address the merits of the

22  "equal protection" claim assertedly raised in the letter appellate counsel sent to the BIA on

23  July 26, 2002, (see Petition ¶¶ 5, 21).

24     A district court has jurisdiction to consider a petition for a writ of habeas corpus

25  brought by a person in custody pursuant to an order of removal, where the petition is

26

27     [2]Although Ghotra has offered a copy of the Ninth Circuit's docket, which indicates
the Ninth Circuit denied Ghotra's petition for review, neither party has offered the Ninth
28  Circuit's opinion.  The docket describes the denial as follows:  "Terminated on the Merits
After Submission Without Oral Argument; Dismissed/Frivolous."  (See id.)

3

1   based on a claim of ineffective assistance of counsel.  See Singh v. Gonzales, — F. 3d — ,

2   2007 WL 2406862, *4, 7 (9th Cir. 2007).[3]  In the context of a removal proceeding,

3   "[i]neffective assistance of counsel amounts to a violation of due process if the proceeding

4   was so fundamentally unfair that the alien was prevented from reasonably presenting [the

5   alien's] case."  Mohammed v. Gonzales, 400 F. 3d 785, 793-94 (9th Cir. 2005) (internal

6   quotation and citation omitted).  "To prevail, the petitioner must demonstrate first that

7   counsel failed to perform with sufficient competence, and, second, that she was prejudiced

8   by counsel's performance."  Id.  "However, she need not show that the counsel's

9   ineffectiveness definitively changed the outcome."  Id.  "Rather, prejudice results when the

10  performance of counsel was so inadequate that it may have affected the outcome of the

11  proceedings."  Id. (internal quotation and citation omitted).

12  **A.  Claim of Ineffective Assistance By Hearing Counsel**

13        Ghotra argues her appellate counsel was ineffective, because appellate counsel did

14  not raise, in the Ninth Circuit Court of Appeals, a claim that her hearing counsel was

15  ineffective in (1) not submitting certain exhibits that she states would have corroborated her

16  testimony, (2) not calling her father as a witness; and (3) not moving to consolidate her

17  father's case with her own.  Respondents argue the Ninth Circuit Court of Appeals would

18  have dismissed the claim, because Ghotra had not first presented it to the BIA, and,

19  consequently, that appellate counsel's failure to raise the claim in the petition for review

20  filed in the Ninth Circuit Court of Appeals did not constitute deficient performance.

21        The Ninth Circuit "require[s] an alien who argues ineffective assistance of counsel

22  [in a petition for review filed with the Ninth Circuit] to exhaust his administrative remedies

23  

24        [3]An alien must exhaust his or her administrative remedies prior to filing a petition for a writ of habeas corpus.  See Castro-Cortez v. INS, 239 F. 3d 1037, 1047 (9th Cir. 2001).

25  Here, there is no indication Ghotra exhausted the instant ineffective assistance claims with the BIA.  Because a "claim of ineffective assistance of counsel occurring after the BIA has ruled may be raised with the BIA by filing a motion to reopen," see Dearinger v. Gonzales,

26  232 F. 3d 1042, 1044 n. 4 (9th Cir. 2000), Ghotra had an available administrative remedy. The exhaustion requirement, however, is not jurisdictional and is subject to waiver.  See id.

27  Here, respondents have not sought dismissal based on Ghotra's apparent failure to exhaust the instant claims with the BIA prior to filing the instant petition, and, accordingly,

28  the Court considers the merits of Ghotra's claims.

4

1    by first presenting the issue to the BIA." See Ontiveros-Lopez v. INS, 213 F. 3d 1121,

2    1124 (9th Cir. 2000).  Here, Ghotra, before she filed her petition for review with the Ninth

3    Circuit, did not present to the BIA the claim that her hearing counsel was ineffective.

4    Consequently, had the claim been raised in the Ninth Circuit, it would have been dismissed

5    without prejudice to Ghotra's exhausting the claim before the BIA.  In other words, the

6    claim, even if it had been raised in support of Ghotra's petition for review filed with the Ninth

7    Circuit, would not have succeeded, as it was clearly untenable.  "There is no requirement

8    that an attorney appeal issues that are clearly untenable."  Gustave v. United States, 627

9    F. 2d 901, 906 (9th Cir. 1980) (holding appellate counsel not deficient when counsel failed

10    to raise issues that were "without merit").

11        Accordingly, Ghotra has failed to demonstrate she is entitled to relief based on the

12    failure of appellate counsel to raise such claim before the Ninth Circuit.

13    **B.  Equal Protection Claim**

14        Ghotra contends her appellate counsel was ineffective because he did not argue to

15    the Ninth Circuit that the BIA erred by not considering the merits of an equal protection

16    claim Ghotra assertedly raised before the BIA.

17        As noted, Ghotra, in a letter brief filed with the BIA, argued that the BIA, in

18    considering her then-pending appeal before the BIA, should take into account the fact that

19    her father's application for withholding of removal had been granted on assertedly similar

20    facts.  As further noted, the BIA declined to consider the decision rendered on Ghotra's

21    father's application, because such evidence had not been presented to the IJ.

22        Respondents argue the Ninth Circuit would not have granted Ghotra relief based on

23    such a claim.  The Court agrees.

24        First, the BIA does not "engage in factfinding in the course of deciding appeals."

25    See 8 C.F.R. § 1003.1(d)(3)(iv).  Where, as here, a party has filed a notice of appeal from

26    an adverse decision of an IJ, and argues that "further factfinding" should occur before the

27    BIA renders its decision on such appeal, that party must file a "motion for remand,"

28    whereupon the BIA has the discretion to remand the matter to the IJ for consideration of

1   the new evidence.  See id.  Here, Ghotra did not file a motion for remand based on the

2   newly-offered evidence concerning her father's case, but, rather, offered such new

3   evidence in the first instance on appeal, even though the BIA could not consider it.  See

4   id.[4]

5       Second, the cases on which Ghotra relies, Njuguna v. Ashcroft, 374 F. 3d 765 (9th

6   Cir. 2004) and Wang v. Ashcroft, 341 F. 3d 1015 (9th Cir. 2003), are distinguishable from

7   the case herein.  In each of those cases, the Court of Appeals held the IJ had erred in

8   finding the applicant for asylum not credible.  In so holding, each expressed a concern that

9   the applicant had been treated by one IJ in a manner "inconsistent" with the manner in

10  which a different IJ had treated another alien whose claim for asylum was based on a

11  similar set of facts.  See Njuguna, 374 F. 3d at 771 n.4; Wang, 341 F. 3d at 1019 n.2.[5]

12  Here, by contrast, the Ninth Circuit affirmed the BIA's finding that the IJ did not err in

13  assessing Ghotra's credibility and finding her not credible.  Moreover, there is no showing

14  that the evidence presented to the respective immigration judges was in any manner

15  equivalent.  Ghotra did not offer any evidence to support the conclusory assertions made to

16  the BIA that the factual bases for her application for asylum and that of her father were

17  similar; the order filed in her father's case did not include any reasoning, and her father did

18  not submit in Ghotra's case a declaration describing the facts underlying his claim.  The

19  instant case thus does not involve a situation where two credible persons, whose

20  respective asylum claims are based on findings of similar facts, are treated in an

21  inconsistent manner.

22      Consequently, if appellate counsel had argued before the Ninth Circuit that the BIA

23  erred in failing to consider on appeal new evidence offered on appeal, such a claim would

24  not have succeeded, as it was clearly untenable.

25  _____

26  [4]Ghotra does not seek relief based on a claim that appellate counsel was ineffective
    with respect to how he presented the equal protection claim to the BIA, only that he was
27  ineffective in not further pursuing the claim before the Ninth Circuit.

28  [5]As respondents point out, the portions of the opinions on which Ghotra relies are
    dicta.

1       Accordingly, Ghotra has failed to demonstrate she is entitled to relief based on the

2  failure of appellate counsel to raise such claim before the Ninth Circuit.

3                         **CONCLUSION**

4       For the reasons stated above, petitioner's Petition for a Writ of Habeas Corpus is

5  hereby DENIED.

6       **IT IS SO ORDERED.**

7

8  Dated:  October 11, 2007

                                                          MAXINE M. CHESNEY

9                                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28