```
JAMES TODD BENNETT
Attorney of Law
P. O. Box 742
El Cerrito, CA  94530
Telephone:  (510) 232-6559
California State Bar No.  113009

Attorney for Petitioner
NAVNEET GHOTRA
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NAVNEET GHOTRA,**<br><br>    Petitioner,<br><br>v.<br><br>**MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, **NANCY ALCANTAR**, Field Office Director, Immigration and Customs Enforcement, and **ALBERTO GONZALES**, Attorney General of the United States,<br><br>    Respondents. | Case No.: C07 4428 MMC<br><br>**NOTICE OF MOTION AND MOTION FOR EMERGENCY STAY OF EXECUTION AND APPLICATION FOR TEMPORARY STAY ORDER PENDING APPEAL**<br>**[FRAP, Rule 8(a)(1)]**<br><br>[Alien Registration No.: A77 381 997] |

Navneet Ghotra, petitioner herein, hereby respectfully moves the United States District Court for an order staying the detention and removal of petitioner to India pursuant to the administrative order of removal issued by the Board of Immigration Appeals (hereinafter BIA) on or about August 29, 2003 by the Department of Homeland Security, United States of Immigration and Customs Enforcement, San Francisco District

-1-

1  (hereinafter DHS/ICE) by and through the San Francisco District
2  deportation unit, 630 Sansome Street, 5th Floor, San Francisco,
3  California  94111, pending disposition of the appeal of the
4  judgment and order dismissing her petition for writ of habeas
5  corpus before the United States District Court, Northern
6  District of California, issued by the Honorable Maxine M.
7  Chesney, United States District Judge, on or about October 15,
8  2007.  Appeal to the United States Court of Appeals for the
9  Ninth Circuit was taken on or about October 19, 2007.
10     This application is made pursuant to Federal Rules of
11 Appellate Procedure, Rule 8(a)(1).
12     Petitioner further respectfully moves the United States
13 District Court for a temporary stay of the execution of the
14 aforementioned final order of removal by the respondents,
15 pending a ruling on the present motion.  <u>Maharaj v. Ashcroft</u> 295
16 F3d 963, 964-6 (9th Cir. 2002).
17
18     Execution of the final order of removal by DHS/ICE is
19 imminent since petitioner is in the constructive custody of
20 respondents herein and removal to India is imminent since the
21 DHS/ICE is in receipt of a travel document with a reporting date
22 of November 7, 2007.  Accordingly, petitioner requests that a
23 temporary order of emergency stay of execution of the final
24 order of removal pending a ruling on the motion for stay.
25

**II**

**ISSUES ON APPEAL**

1.  The District Court, having found jurisdiction over the petition for writ of habeas corpus under Singh v. Gonzales __ F3d __ (9th Cir. 8/24/07, Case No. 05-16005), erred as a matter of law and fact in finding that the failure of petitioner's counsel of record in post-final administrative order review proceedings under 8 USC, Section 1252 to raise the issues of: a) ineffective assistance of prior counsel in the administrative proceedings based on his failure to consolidate petitioner's removal proceeding with that of her father's removal proceeding, who was represented by the same counsel; to timely introduce available corroborating evidence in support of petitioner's claims; and to call her father as an available corroborating witness, all of which are errors evident on the face of the record; and b) to raise an equal protection claim and failure of the BIA to apply its own regulations in the petition for review proceedings since petitioner's father was granted relief under 8 USC, Section 1231(b)(3) on a claim derivative of petitioner's claim for relief and which was raised in a "letter motion" before the Board of Immigration Appeals (hereinafter BIA), but was not thereafter raised by counsel before the Court of Appeals after the BIA failed to rule on the matter, disregarding the "letter motion" as inadmissible "additional evidence" rather

-3-

than a motion or, alternatively, to raise the issue of the BIA's failure to reconcile the two conflicting removal decisions under 8 CFR, Section 1003.1(e)(6)(i) before the Court of Appeals, does not constitute ineffective assistance of counsel after entry of a final administrative order of removal reviewable in habeas corpus proceedings under <u>Singh</u>.  <u>Singh</u>, at 10473-4, 10486-8; <u>Castillo-Perez v. INS</u> 212 F3d 518, 524-8 (9th cir. 2000); <u>Escobar Grijalva v. INS</u> 2006 F3d 1331, 1334-5 (9th Cir. 2000); <u>Njunga v. Ashcroft</u> 374 F3d 765, 771 n.4 (9th Cir. 2004); <u>Wong v. Ashcroft</u> 341 F3d 1015, 1019, n.2 (9th Cir. 2003); 8 CFR, Section 1003.1(e)(6)(i); <u>Romiero de Silva v. Smith</u> 773 F2d 1021, 1025 (9th Cir. 1985).

    2.  The loss of the right to review of the foregoing constitutional, statutory and regulatory issues under 8 USC, Section 1252(b)(1) violates the due process clause of the Fifth Amendment under <u>Singh</u>, with the appropriate remedy being a remand to the BIA to address the issue of the two unreconciled conflicting decision and orders of the BIA, a remedy which does not require review of a final order of removal. <u>Singh</u> at 10473-4; 10486-8.

    The error and omission herein occurred after entry of the final administrative order by the BIA on August 29, 2003 and does not require review of the final order itself. Accordingly,

the District Court has jurisdiction under <u>Singh</u> as the District Court correctly found.

### III

### BASIS FOR STAY MOTION

The basis for this motion is as follows:

Petitioner incorporates by reference her Petition for Writ of *Habeas Corpus* or, In the Alternative, Order to Show Cause, and the attached exhibits, in support of the factual basis for this motion set forth below.

1. Petitioner is a citizen and national of India who was born on or about January 17, 1978, at Talwandi Salhan, Punjab, India, and who has been present in the United States of America since August 30, 1998 when she was admitted under an H-4 non-immigrant visa. She is married by religious ceremony only to Rajinder Pal Singh, also an Indian citizen and national. The couple has two minor United States citizen children, Carol Singh, age 6, and Kevin Tej Singh, age 8 months. Petitioner and her family reside in Bakersfield, California, where they own their own residence and petitioner's spouse owns and operates two tobacco stores.

2. Petitioner is the daughter of Kulwinder Singh, who was originally admitted to the United States under a non-immigrant H-1-B visa and is now a lawful permanent resident alien.

3. Petitioner herself was admitted as an H-4 dependent non-immigrant of her father at San Francisco, California on or about August 30, 1998. She applied for political asylum before the Asylum Office of the San Francisco District of the former Immigration and Naturalization Service (hereinafter AO/INS).

4. On or about November 13, 1998 the AO/INS referred the application to the Office of the Immigration Judge, San Francisco, California (hereinafter OIJ/SF) and a notice to appear (hereinafter NTA) was issued.

5. After Hardeep Rai, of Rai and Associates, entered an appearance on behalf of petitioner before the OIJ/SF on or about May 18, 1999, a motion to change venue to the Office of the Immigration Judge, Los Angeles, California (hereinafter OIJ/LA) was filed and thereafter granted on or about July 10, 1999 since petitioner moved to the Los Angeles District.

6. On or about July 21, 1999, Ronald Peake, an attorney at law, entered an appearance on behalf of petitioner before the OIJ/LA. Mr. Peake subsequently entered an appearance on behalf of Kulwinder Singh, petitioner's father, before the OIJ/LA and prosecuted his application for political asylum and withholding of removal under 8 USC, Section 1158 and 1231(b)(3) and Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, as ratified (hereinafter UNCAT) in <u>Matter of Kulwinder Singh</u>, Case No. A71

-6-

484 844 on claims derivative of petitioner's and based on a common nucleus of facts. Based on information and belief, Peake never moved to consolidate the actions before the OIJ/LA.

7. After the granting of one continuance for the receipt of documents from India and the denial of a second continuance, hearing on petitioner's application for relief under 8 USC, Section 1158 and 1231(b)(3) and UNCAT was held on or about November 19, 2001 before the Honorable Charles A. Del Bene, immigration judge, OIJ/LA. Peake sought admission of primary documents in support of petitioner's claims, which he received from petitioner in time for a timely filing but which were inexplicably filed late by Peake and then withdrawn without argument when asked by the immigration judge to explains the late submission. Despite the presence at time of hearing of petitioner's father and an unidentified uncle as precipitant witnesses, Peake declined to call them to testify. Petitioner was thus the sole witness called to testify in the proceeding and the application was supported by a copy of her passport, but no other documents as a result of her then counsel's failure to timely submit documentation. At the conclusion of the hearing, the immigration judge denied the applications based on an adverse credibility finding and removal to India was ordered.

8. Thereafter, a hearing was held on the merits of petitioner's father's application for relief under 8 USC,

Sections 1158 and 1231(b)(3) and UNCAT before the Honorable Darlene R. Seligman, immigration judge, OIJ/LA, on or about April 23, 2002, in which Kulwinder Singh was also represented by Peake. Relief was granted Kulwinder Singh under 8 USC, Section 1231(b)(3), which is a matter of law, not discretion, based on the same nucleus of facts in petitioner's claims. Administrative appeal was waived by DHS.

9. A timely notice of administrative appeal to the BIA was filed on behalf of petitioner on or about December 17, 2001 by Rai and Associates, who reentered an appearance for the administrative appeal. Rai and Associates filed a brief on or about July 1, 2002, arguing issues of credibility only, with no reference to ineffective assistance of counsel by Peake. Thereafter, Rai and Associates filed a letter with a copy of the decision and order of the immigration judge in Kulwinder Singh's removal proceeding along with a notarized affidavit from Kulwinder Singh, stating that there was, in essence, a common factual basis for his daughter's and his claims and noting the two different results before the two different immigration judges. Rai and Associates thereafter filed a document entitled "reform regulation brief" with the BIA on or about September 26, 2002 requesting a three judge panel in which it was noted in passing that a three panel is necessary to resolve conflicting decisions of different immigration judges, without any reference

to the aforementioned documents regarding petitioner's father's case. At all times mentioned herein, respondent Gonzales' regulations set forth procedures to resolve conflicting immigration judge decisions under 8 CFR, Section 1003.1(e)(6)(i).

10. On or about August 29, 2003 the BIA issued a final administrative order dismissing the administrative appeal. In a footnote, the BIA apparently referred to and characterized the letter regarding Matter of Kulwinder Singh, A71 484 844, as "additional evidence" and cited a "standard rule" that the BIA's review is restricted to the record before the OIJ.

11. Thereafter, Rai and Associates filed a petitioner for review with the United States Court of Appeals for the Ninth Circuit (hereinafter Court of Appeals) in Ghotra v. Ashcroft, Case No. 03-73515 on or about September 26, 2003.

12. On or about April 19, 2004, Rai and Associates, through George Heridis, an attorney at law, filed a brief in Case No. 03-73515. In essence, the brief argued credibility issues, but failed to raise the issue of the unaddressed "motion/reform regulation brief" as to the conflicting decision in Matter of Kulwinder Singh, A71 484 844. Based on information and belief, at no time did Hardeep Rai, George Heridis or any other attorney of Rai and Associates purporting to represent petitioner in the federal review proceeding raise the issue of

-9-

the failure of the BIA to address the conflict between the aforementioned case and petitioner's case before the administrative agency of respondent Gonzales despite raising the issue before the BIA.

13. Based on information and belief, on or about December 15, 2004 the Court of Appeals denied the petition for review and the mandate issued on or about March 9, 2005 after a petition for panel rehearing was denied.

14. On or about April 18, 2007 respondent Nancy Alcantar and her delegates of DHS/ICE detained petitioner in Bakersfield, California and then released her subject to an order of supervision pending execution of the removal order. At no time prior to her detention on or about April 18, 2007 had petitioner received notice of the dismissal of her appeal and the issuance of the mandate by the Court of Appeals from Rai and Associates, from the respondents and their delegates, or from any other source.

15. On the same date of her detention, petitioner's spouse, Rajinder Pal Singh, was also detained by respondent Alcantar and incarcerated at the Santa Clara County Jail. After the filing of a habeas corpus petition in <u>Rajinder Pal Singh v. Chertoff, et. al.</u> United States District Court, Northern District of California, Case No. C07-3943 MMC, Rajinder Pal Singh was released on bond on or about August 17, 2007 by DHS

upon entry of a stipulation for abeyance. In the interim, the family financial situation was adversely affected since petitioner's husband was unable to manage his two tobacco stores, the primary source of the family income.

16. Based on information and belief, at no time in the Court of Appeals proceeding did the attorneys of Rai and Associates representing petitioner raise the issue of ineffective assistance of counsel by Peake in failing to timely file and offer into evidence the corroborating evidence, or to call Kulwinder Singh as a witness at time of hearing, or to move to consolidate petitioner's proceeding with <u>Matter of Kulwinder Singh</u>, A71 484 844, before the OIJ/LA.

17. Based on information and belief, at no time in the Court of Appeals proceeding did the attorneys of Rai and Associates representing petitioner raise the violation of the equal protection component of the due process clause inherent in the conflicting immigration judge decisions in petitioner's administrative proceeding and <u>Matter of Kulwinder Singh</u> A71 484 844 or the failure of the BIA to address the issue raised by Rai and Associates in the administrative appeal on review.

18. At all times mentioned herein petitioner had a right to effective assistance of counsel secured by the due process clause of the Fifth Amendment to the federal constitution, including proceedings after issuance of a final administrative

order of removal. Singh, at 10473-4; 10486-8; Dearinger ex. Rel. Volkova v. Reno 232 F3d 1042, 1045-6 (9th Cir. 2000).

19. At all times mentioned herein, it was and is a violation of the equal protection component of the due process clause to render different decisions between similarly situated aliens in separate proceedings involving a common nucleus of facts. Njuguna v. Ashcroft 374 F3d 765, 771, n.4 (9th Cir. 2004); Wang v. Ashcroft 341 F3d 1015, 1019, n.2 (9th Cir. 2003). At all times mentioned herein, petitioner was entitled to the protection of the equal protection component of the due process clause and of the due process clause itself as an alien in removal proceedings. Zadrydas v. Davis 533 US 678, 692-3 (2001); Plyler v. Doe 457 US 202, 212 (1982); Accardi v. Shaughnessy 347 US 260 (1954).

20. At all times mentioned herein, the relief sought under 8 USC, Section 1231(b)(3) is mandatory, and not discretionary under respondent Gonzales' administrative decisions. Matter of Lam 18 I&ND 15 (BIA 1981). Accordingly, a liberty interest is implicated by the disparity in the two administrative decisions. INS v. St. Cyr 533 US 289, 307-8 (2001).

21. On or about August 27, 2007 petitioner filed her petitioner for writ of habeas corpus or, in the alternative, order to show cause (hereinafter petition) with the United States District Court, Northern District of California.

22. After briefing, the District Court vacated an October 12, 2007 hearing date, issued a decision denying the petition on or about October 12, 2007 and entered judgment on or about October 15, 2007.

23. Notice of appeal to the United States of Appeals for the Ninth Circuit was filed on or about October 19, 2007.

## V

## STANDARDS FOR STAY

Under the holding in <u>Maharaj v. Ashcroft</u> 295 F3d 963, 964-6 (9th Cir. 2002) and <u>Abassi v. INS</u> 143 F3d 513, 514 (9th Cir. 1998) petitioner respectfully submits that she is likely to prevail on the merits or, alternatively the issues herein are serious legal questions and the balance of hardships favor petitioners in that:

As to the violations of the due process clause of the Fifth Amendment, and the equal protection component thereof, petitioner has experienced prejudice since:

a.   The violation is a clear, unequivocal error of law;

b.   Petitioner is the mother of two minor United States citizen children.

c.   Petitioner is the spouse of a homeowner, subject to a mortgage.

d.   Petitioner will be barred from reentry for at least five years if removed.  8 USC, Section 1182(a)(9)(A)(i).

-13-

e. Petitioner and her husband, also before this court in an appeal proceeding, are deemed vital to the continued cooperation of a citizen informant in an ongoing, unrelated investigation by the California Department of Justice and the United States Bureau of Alcohol, Tobacco and Firearms.

f. Petitioner will be precluded from presenting further evidence in support of her application for relief under 8 USC, Section 1231(b)(3) on remand if removed.

If removed, petitioner will be separated from her family, unable to support them and will be barred from seeking further relief despite the constitutional and statutory deprivations herein.

**VI**

**IMMINENT REMOVAL PENDING**

Petitioner is in the constructive custody of respondents and is subject to removal from the United States of America to India at any time by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, by and through 630 Sansome Street, Room 548, San Francisco, California  94111, with a report date of November 7, 2007.  On or about October 29, 2007 a copy of this application was served on the United States Attorney Office, Northern District of California, at 450 Golden Gate Avenue, 9th Floor, San Francisco, California by e-filing.

WHEREFORE, petitioner respectfully prays that the United States District Court issue an order:

1. Temporarily staying the execution of the administrative order of removal set forth herein by the Immigration and Customs Enforcement, Department of Homeland Security pending disposition of this motion for stay.

2. Staying the detention of petitioner by respondents pending disposition of this motion for stay.

3. Staying execution of the final order of removal set forth herein pending disposition of the appeal herein; and

4. Granting other such relief as the Court deems just and proper.

Dated: October 29, 2007

JAMES TODD BENNETT
Attorney for Petitioner
NAVNEET GHOTRA