IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVNEET GHOTRA, | No. C-07-4428 MMC |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY STAY OF EXECUTION AND APPLICATION FOR TEMPORARY STAY ORDER PENDING APPEAL** |
| v. | |
| MICHAEL CHERTOFF, et al., | |
| Respondents / | |

By order filed October 11, 2007, the Court denied petitioner Navneet Ghotra's petition for a writ of habeas corpus, for the reason petitioner had failed to show that counsel who represented her before the Ninth Circuit Court of Appeals, in connection with a petition for review of an order of removal, was ineffective. On October 19, 2007, petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals.

Now before the Court is petitioner's "Motion for Emergency Stay of Execution and Application for Temporary Stay Order Pending Appeal," filed October 29, 2007, by which petitioner seeks, pursuant to Rule 8(a)(1) of the Federal Rules of Appellate Procedure, an order "staying the detention and removal of petitioner to India pursuant to the administrative order of removal issued by the Board of Immigration Appeals (hereinafter BIA) on or about August 29, 2007." (See Petitioner's Mot. at 1:19-24.) Respondents have filed opposition. Having reviewed the parties' submissions, the Court rules as follows.

Under Rule 8(a)(1), a party may seek "a stay of the judgment or order of a district

1  court pending appeal." See Fed. R. App. Proc. 8(a)(1).  A party who seeks such a stay
2  must show either a "probability of success on the merits and the possibility of irreparable
3  injury," or that "serious legal questions are raised and that the balance of hardships tips
4  sharply in [his] favor."  See Lopez v. Heckler, 713 F. 2d 1432, 1435 (9th Cir. 1983).  For the
5  reasons stated below, the Court finds petitioner has failed to show she is entitled to relief.

6  　　　　As noted, a party seeking relief under Rule 8(a)(1) seeks to stay a "judgment or
7  order of a district court."  Here, the order petitioner seeks to stay is an order of removal
8  issued by the BIA.  The Court, however, lacks jurisdiction to review an order of removal,
9  see 8 U.S.C. § 1252(a)(5), and the Court's order addressing the merits of petitioner's claim
10  that her counsel was ineffective cannot be construed as an order reviewing the propriety of
11  the BIA's order of removal, see Singh v. Gonzalez, 499 F. 3d 969, 979 (9th Cir. 2007)
12  (holding § 1252(a)(5) not a bar to district court's jurisdiction over detainee's petition for writ
13  of habeas corpus alleging ineffective assistance of counsel occurring after issuance of final
14  order of removal, because such a petition "cannot be construed as seeking judicial review
15  of his final order of removal").  Accordingly, this Court lacks jurisdiction, as well as statutory
16  authority, to stay the BIA's order of removal issued on August 29, 2007.

17  　　　　Alternatively, assuming, arguendo, the Court, by reason of its having denied
18  petitioner's petition for a writ of habeas corpus, has a jurisdictional and statutory basis to
19  stay the BIA's order of removal, the Court finds petitioner has failed to show either a
20  probability of success on the merits of an appeal, or that serious legal questions would be
21  raised in the appeal.  Although petitioner asserts, in conclusory fashion, that the Court
22  erred in denying her petition, petitioner fails to advance any argument to support a finding
23  that there exists a probability of success on the merits of her appeal, or that she will raise
24  serious legal questions on appeal.

25  　　　　**IT IS SO ORDERED.**

26
27  Dated:  October 31, 2007
28  　　　　　　　　　　　　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

2